a recovery by plaintiff against the railway company could not be sustained for the reason that both the plaintiff and the driver were guilty of contributory negligence, it appearing that both could have seen the car approaching had they looked, that the negligence of the driver was imputable to plaintiff, and that plaintiff himself did not use reasonable care for his own safety.

## The People of the State of Illinois, Defendant in Error, v. John Lysaught, Plaintiff in Error.

### Gen. No. 20,017. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed November 9, 1914.

### Statement of the Case.

Information filed in the Municipal Court by the People of the State of Illinois charging John Lysaught with committing an assault with a deadly weapon within the territorial limits of the City of Chicago. To reverse a judgment entered on a finding of guilty, defendant prosecutes a writ of error.

O'DONNELL & O'DONNELL, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

ASSAULT AND BATTERY, § 31*—*proof essential to sustain conviction for assault with deadly weapon.* A conviction on an information charging defendant with committing an assault with a deadly weapon within the city of Chicago cannot be sustained where the evidence does not show that the alleged assault was committed in said city.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.